SUMMARY ORDER

Sokol Rada, a native and citizen of Abania, seeks review of a February 12, 2008 order of the BIA affirming the March 10, 2006 decision of Immigration Judge (“IJ”) Helen Sichel, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Sokol Rada, No. A95 146 203 (B.I.A. Feb. 12, 2008), aff'g No. A95 146 203 (Immig. Ct. N.Y. City Mar. 10, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA does not expressly “adopt” the IJ’s decision, but its brief opinion closely tracks the IJ’s reasoning, the Court may consider both the IJ’s and the BIA’s opinions for the sake of completeness if doing so does not affect the Court’s ultimate conclusion. See Jigme Wangchuck v. DHS, 448 F.3d 524, 528 (2d Cir.2006). We review the agency’s factual findings under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. See Monter v. Gonzales, 430 F.3d 546, 553 (2d Cir.2005).
We find that substantial evidence supports the agency’s conclusion that conditions in Abania have fundamentally changed such that Rada does not have a well-founded fear of persecution. See 8 C.F.R. § 1208.13(b)(l)(i); see also Hoxhallari v. Gonzales, 468 F.3d 179, 187 (2d Cir.2006) (per curiam) (upholding agency’s finding that an applicant was ineligible for asylum and withholding of removal based on a fundamental change in Abania’s political structure). Rada acknowledges that the Democratic Party, of which he is a member, presently controls the Abanian government, and he testified that when the Democratic Party had previously been in power, he had no problems with the government. Further, the 2006 State Department Report on Abania in the administrative record contains no indication of systematic political persecution of Democratic Party members in Abania. In addition, Rada points to no evidence compelling the conclusion that he would specifically be targeted for persecution as a Democratic Party member; thus, we will not disturb the agency’s decision. See 8 U.S.C. § 1252(b)(4)(B). Under these circumstances, the agency properly denied Rada’s application for asylum and withholding of removal. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006) (noting a withholding claim necessarily *698 fails if applicant is unable to show objective likelihood of persecution needed to make out an asylum claim).
The BIA also did not err in denying Rada “humanitarian asylum” under 8 C.F.R. § 1208.13(b)(l)(iii), finding that he had not suffered the type of atrocious persecution necessary to warrant such relief. See Matter of Chen, 20 I. & N. Dec. 16 (BIA 1989). While it is a close question whether the past persecution alleged by Rada, which includes several years of hard labor and internment, several death threats, and a severe beating, rises to the extreme level required for humanitarian asylum, we do not conclude that the denial of such relief was an abuse of discretion. Cf. Jalloh v. Gonzales, 498 F.3d 148, 151—52 (2d Cir.2007) (denying petition for review where petitioner’s presumption of a well-founded fear of future persecution was rebutted by evidence of fundamentally changed country conditions and petitioner failed to establish that he suffered long-lasting physical or mental effects as a result of his past persecution).
Finally, the agency did not err in denying relief under the CAT based on its finding that there was no evidence in the record that Rada would be subjected to torture upon his return to Albania. Because Rada has failed to cite any evidence in the record to compel a contrary conclusion, we will not disturb the agency’s decision. See Mu Xiang Lin v. U.S. Dep’t of Justice, 432 F.3d 156, 161 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).