SUMMARY ORDER

Petitioners, Rigenti Hoxha, Viola Hoxha, and Regina Hoxha, natives and citizens of Albania, seek review of a June 4, 2008 order of the BIA affirming the December 12, 2006 decision of Immigration Judge (“U”) Gabriel C. Videla denying their application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Hoxha, Nos. A 98 880 648/649/650 (B.I.A. June 4, 2008), aff'g Nos. A 98 880 648/649/650 (Immig. Ct. N.Y. City Dec. 12, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA does not expressly “adopt” the IJ’s decision, but its brief opinion closely tracks the IJ’s reasoning, the Court may consider both the IJ’s and the BIA’s opinions for the sake of completeness if doing so does not affect the Court’s ultimate conclusion. Jigme Wangchuck v. DHS, 448 F.3d 524, 528 (2d Cir.2006). This Court reviews the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. Passi v. Mukasey, 535 F.3d 98, 101 (2d Cir.2008).
Substantial evidence supports the agency’s determination that country conditions in Albania have changed such that any presumption of a well-founded fear of persecution the lead Petitioner may have had based on his past persecution has been rebutted.[1] See 8 C.F.R. § 1208.13(b)(1)®.[2] Contrary to the Petitioner’s argument that the agency relied only on generalizations about conditions in Albania, the agency conducted an individualized assessment of the materials the Petitioner submitted. Moreover, the Petitioner’s argument ignores our prior holding that the agency need not enter specific findings regarding changed country conditions where *384 “changed conditions evidently prevail in a country that is the subject of an appreciable proportion of asylum claims,” such as Albania. See Hoxhallari v. Gonzales, 468 F.3d 179, 187 (2d Cir.2006); cf. Passi, 535 F.3d at 103 (finding that an individualized analysis was required concerning political changes in Congo because “there is no indication that Congo is the source of an appreciable proportion of asylum claims”). Although the Petitioner presented evidence of unrest and corruption, that evidence does not suggest that the incidents described were political in nature. Further, where the Petitioner testified that he encountered no problems in Albania while the Democratic Party was in power, we are not compelled to disturb the agency’s decision. See Manzur, 494 F.3d at 289.
Because the Petitioner was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on his claim for withholding of removal. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006). We also find no error in the agency’s conclusion that the Petitioner failed to show that he was more likely than not to be tortured upon his return to Albania. Thus, its denial of CAT relief was proper.[3] See Rada v. Mukasey, 305 Fed. Appx. 696 (2d Cir.2008).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. For the sake of clarity, we refer throughout this order to Rigenti Hoxha as “Petitioner” because he was the lead applicant before the agency and his wife's and daughter’s claims were derivative of his.

. Because Hoxha does not challenge before this Court the agency's denial of "humanitarian asylum” under 8 C.F.R. § 1208.13(b)(l)(iii), any such challenge is deemed waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1 (2d Cir.2005).

. Although the Petitioner did not challenge the IJ’s denial of CAT relief before the BIA, that claim is considered exhausted and this Court has jurisdiction to address it because the BIA nonetheless addressed it in its decision. See Xian Tuan Ye v. U.S. Dep't of Homeland Sec., 446 F.3d 289, 296-97 (2d Cir.2006); Waldron v. INS, 17 F.3d 511, 515 n. 7 (2d Cir.1994).